UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDY NAHUN RAUDALES CASTRO,<br><br>Petitioner,<br><br>v.<br><br>FACILITY ADMINISTRATOR WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 2:26-cv-04057-TMC<br><br>EX PARTE TEMPORARY RESTRAINING ORDER |

## I. ORDER

On November 5, 2026, U.S. Immigration and Customs Enforcement filed a notice of intent to remove self-represented Petitioner Fredy Nahun Raudales Castro within seven days. Dkt. 8. Petitioner has filed a motion for temporary restraining order seeking to block that transfer and removal. Dkt. 14.

Petitioner is subject to a reinstated order of removal to Honduras. Dkt. 11-4. He claims to have appealed a September 17, 2026 order by an Immigration Judge concurring with the Department of Homeland Security’s determination that he has not established a reasonable fear

of persecution in Honduras. Dkt. 14 at 2; *see* Dkt. 13. The parties dispute whether that appeal was lodged with the Board of Immigration Appeals ("BIA"). Dkt. 10 ¶ 18; Dkt. 14 at 9–15.

The Court may grant a temporary restraining order ("TRO") to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). Therefore, Petitioner's motion for temporary restraining order is provisionally granted, pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

The Court ORDERS:

1. Respondents (and their officers, employees, agents, or others working on their behalf) are temporarily PROHIBITED from transferring Petitioner from this district or removing Petitioner from the United States pending further order of this Court.
2. Respondents shall file a response to the motion for a temporary restraining order no later than Friday, November 13, 2026. In their response, Respondents should address Petitioner's ability to seek review by the Ninth Circuit of the Immigration Judge's September 17, 2026 order.
3. This Order will expire on November 20, 2026, unless extended by further order of this Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of November, 2026.

Tiffany M. Cartwright
United States District Judge